

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Brown v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Brown v. PA Dept Corr" (2008). *2008 Decisions.* Paper 727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1436

_____

ABDUL BROWN,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JEFFREY A. BEARD; WILLIAM STICKMAN;
LANCE COUTURIER; M.D. FRED MAUE, M.D.;
DONALD WILLIAMSON; RONALD BLANDFORD;
NEAL MECHLING; PETE SAAVEDRA;
LOUIS FOLINO; COUNSELOR IVAN

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-1361)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
July 25, 2008

Before:  SLOVITER, BARRY and NYGAARD, Circuit Judges

(Opinion filed: August 4, 2008)

_____

OPINION

_____

PER CURIAM

Abdul Brown, a pro se prisoner, is currently incarcerated in the Federal Detention Center-Philadelphia. Brown filed this lawsuit in the United States District Court for the Western District of Pennsylvania[1] against the Pennsylvania Department of Corrections ("DOC") and numerous prison officials for violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 12101, et. seq. Brown raised claims of cruel and unusual punishment, retaliation, race and class discrimination, and conspiracy; he also alleged violations of due process and the Americans with Disabilities Act ("ADA"). The DOC Defendants moved for summary judgment, and Brown failed to respond.[2] The Magistrate Judge recommended granting summary judgment, and the District Court adopted that recommendation.

Brown subsequently filed a motion to appeal nunc pro tunc, explaining that he had been transferred to a new facility while summary judgment briefing occurred, and that prison officials had denied him access to his legal mail. The District Court granted relief, vacating its order granting summary judgment and allowing Brown to respond to defendants' summary judgment motion. Brown filed a brief, an affidavit in support, and copies of various Pennsylvania regulations. Brown also filed numerous medical records,

---

[1]At the time of filing the complaint, Brown was incarcerated at SCI-Fayette in LaBelle, Pennsylvania.

[2]Summary judgment was granted as to another defendant, Dr. Peter Saavedra, earlier in the case.

correspondence with prison officials, and news articles. The District Court then adopted the Magistrate Judge's prior recommendation, and granted defendants' motion for summary judgment, without elaboration. Brown timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review an order granting summary judgment de novo, and we apply the same standard that the District Court should have applied. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005).

On February 26, 2004, Brown was transferred to the Long Term Segregation Unit ("LTSU") at SCI-Fayette. Brown alleges that prison officials improperly placed him in the LTSU based on his "mentally ill behavior," and that the reasons provided on his transfer petition were falsified and misrepresented. Brown also alleges that the LTSU is an experiment regarding "African-American psychology," with the purpose of "destroy[ing] the African American mind," and that defendants failed to provide him adequate psychiatric treatment, instead relying "just [on] drugs to leave him in a . . . stupor." Brown accuses LTSU officials of obstructing his litigation against defendant Beard and others, and asserts that, but for his being of African descent, engaging in litigation and being mentally ill, he would not have been placed in the LTSU. Brown also alleges that defendants are deliberately indifferent to his health and safety.

Based on these allegations, Brown claimed that his rights to due process, adequate medical care, and equal protection had been violated. He also asserted violations of the

3

First Amendment and the ADA, and he claimed that defendants had retaliated against him. On appeal, Brown challenges the District Court's grant of summary judgment on his due process, ADA and First Amendment claims.[3]

Once the moving party demonstrates the absence of a genuine material factual dispute, the non-moving party must proffer "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Brown asserts that prison officials denied him due process under the Fourteenth Amendment by transferring him to the LTSU without notice and depriving him of the opportunity to challenge the reasons for the transfer. Routine transfers to administrative segregation do not impinge on liberty interests protected by the Due Process clause unless the conditions in administrative segregation present a "significant and atypical hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Even where the conditions of confinement present a significant and atypical hardship, triggering the right to due process, placement in administrative segregation comports with due process so long as prison officials afford a prisoner sufficient procedural protections. See Wilkinson v. Austin, 545 U.S. 209

---

[3]As Brown has not raised his equal protection or retaliation claims on appeal, we consider those arguments waived. Anspach v. City of Phila., 503 F.3d 256, 259 n.1 (3d Cir. 2007) (citing Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994)). Although Brown has not expressly made an argument under the Eighth Amendment on appeal, we will address that claim because it is predicated on the same facts as his claim under the ADA.

(2005).[4]

We have determined that due process does not require prior notice of a transfer where the post-transfer periodic review of an inmate's placement in segregation provides the inmate with a meaningful opportunity to challenge the grounds of his continued segregation. Shoats v. Horn, 213 F.3d 140, 145 (3d Cir. 2000). Such periodic review must provide a meaningful, and not merely technical, opportunity to be heard. See Sourbeer v. Robinson, 791 F.2d 1094, 1101 (3d Cir. 1986) (Due process violation where officials applied justifications for segregation in "rote fashion").

Brown admits that the prison has provided him with periodic review, and that he has attended and testified at his review hearings every 90 days. He nonetheless contends that the hearings are a sham and the result of the hearings a foregone conclusion. In his affidavit, Brown asserts that unnamed prison officials have told him that the periodic reviews do not provide a realistic chance of release into the general prison population because the LTSU is designed to house those in need of long-term segregation. Brown suggests that, once prison officials branded him as an inmate needing long-term segregation, they simply rubberstamped his continued segregation. Brown's affidavit,

---

[4]The record indicates that DOC has revised the procedures for placement in the LTSU, such that inmates are now given notice and an opportunity to respond *before* being transferred to the LTSU. (Pl's Opp., Ex. C, at 26-29) (letter from Jeffrey Beard to Judge Richard Caputo, Middle District of Pennsylvania). Appellees also state that the LTSU was abolished in February 2007. Appellees' Br., 3. As Brown seeks compensatory damages, his claims are not moot.

submitted in response to defendants' motion, does not support a conclusion that his reviews were a sham.

Brown also contends on appeal that prison officials have never articulated a reason for his confinement in the LTSU. The record belies that assertion. The documentary evidence submitted by the parties establishes that prison officials believed Brown's misconduct warranted his continued placement in the LTSU. (Deft.'s Mot. Summ J., Ex. D) (30-day review assessment showing Brown's continued poor conduct), Ex. F (misconduct record demonstrating Brown's continued pattern of threats and assaults on staff). The record reveals that the prison characterized Brown's behavior alternatively as deliberate, i.e., designed to manipulate those around him, and as the product of mental illness and poor impulse control. (Pl's Mot. Summ. J., Ex. I) (transfer individual treatment plan stating that Brown suffers from multiple Axis I and Axis II diagnoses, but that he was psychiatrically stable and should be placed in the LTSU due to the ongoing risk of staff assaults and self-harm). The mental health and correctional staff who evaluated Brown after his transfer to the LTSU stated that he had no treatable Axis I issues, and that his misconduct was associated with his Axis II issues. (Deft.'s Mot. Summ J., Ex. A.) In other words, whatever mental illnesses Brown may have, prison personnel have determined that none would preclude his transfer to the LTSU. As Brown

6

failed to satisfy his burden under Rule 56(e), summary judgment was properly granted.[5]

Brown next contends that his placement in the LTSU violates the ADA because he has no access to mental health services while housed in the LTSU. Although defendants did not move for summary judgment on Brown's ADA claim, and the District Court did not address this claim, it is clear that Brown's claim must fail as a matter of law. Title II of the ADA states, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 42 U.S.C. 12132. Title II of the ADA applies to state prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). However, Brown has not alleged

---

[5]Brown also asserts on appeal that the District Court improperly resolved a factual issue regarding Brown's claim that prison officials violated due process by drafting him into experiments against his will, in contravention of DOC policy. See Washington v. Harper, 494 U.S. 210, 221-22 (1990) (prisoner "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment."). Although defendants failed to move for summary judgment on this claim, and the District Court overlooked it as well, Brown's allegations fail to state a claim. Brown asserts that the LTSU constitutes an experiment designed to destroy the minds of African-American inmates, but has not alleged facts sufficient to show that he is entitled to relief. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). This claim, that the LTSU constitutes a psychological experiment involving the involuntary administration of drugs, is essentially a composite of two other claims: a due process claim regarding Brown's placement in the LTSU, and an Eighth Amendment claim regarding Brown's medical care in the LTSU. In response to defendants' motion for summary judgment, Brown was required to come forward with evidence in support of these two claims. Therefore, despite defendants' failure to move for summary judgment on the prison experiment claim, Brown necessarily would have submitted whatever evidence he had in support of this claim when he submitted evidence in support of his due process and Eighth Amendment claims.

facts sufficient to show that the prison denied him access to mental health treatment "by reason of" his alleged disabilities. Brown alleges that the prison *ignored* his alleged disabilities in order to justify his placement in the LTSU – not that they placed him in the LTSU because of discriminatory animus based on his alleged mental disabilities. Accordingly, Brown's ADA claim must fail.

The record establishes that Brown has not been deprived of medical care in the LTSU. Mere disagreements over the course of medical treatment do not support a claim for a violation of the Eighth Amendment. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). The record demonstrates that prison medical personnel have routinely assessed Brown while he has stayed on the LTSU. Brown challenges his regimen of medications, which allegedly leaves him in a "stupor," but this argument states only his disagreement with treatment methods, i.e., his preference for medication supplemented by psychotherapy instead of medication alone.

Brown also appeals the District Court's grant of summary judgment as to his First Amendment claim. Brown does not challenge the LTSU policy that permits limited access to publications; instead, he asserts that he is deprived of even those publications permitted under the restrictive publications policy upheld by the Supreme Court. See Beard v. Banks, 548 U.S. 521 (2006). However, Brown does not proffer any evidence in support of this claim. Brown has not established that there is a genuine factual dispute for trial.

8

For these reasons, the District Court properly granted appellees' summary judgment motion and denied appellant's summary judgment motion.

Accordingly, we will affirm the District Court's order.